AO 442 (Rev. 5/93) Warrant for Arrest

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

SECRET

UNITED STATES OF AMERICA

v.

Anthony M. Maki

**WARRANT FOR ARREST**

CASE



To:   The United States Marshal
and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest Anthony M. Maki
5755 Smithtown Way
Shorewood, Minnesota 55331

and bring him or her forthwith to the nearest magistrate judge to answer a(n) INDICTMENT

charging him or her with   Conspiracy - Count 1  18:371
Aiding and abetting bank fraud - Count 2  18:1344 and 18:2(a)
Mail fraud - Count 3  18:1341
Aiding and abetting money laundering to conceal - Counts 4 through 8
18:1956(a)(1)(B)(i) and 18:2(a)
Aiding and abetting transactions in criminally derived property -
Counts 9 through 13  18:1957 and 18:2(a)

Ordered by Franklin L. Noel, United States District Court Chief Magistrate Judge

*Leah E. Gilgenbach*
(By) Deputy Clerk, Leah E. Gilgenbach

July 18, 2001 - St. Paul, Minnesota

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at _____

Date Received: _____                    Date of Arrest: _____

_____                                   _____
Name and Title of Arresting Officer             Signature of Arresting Officer

n:/.../warrant.frm

SECRET 

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**ED13-0430M**

UNITED STATES OF AMERICA, )    INDICTMENT
                         )
            Plaintiff,   )    18 U.S.C. § 371
                         )    18 U.S.C. § 1344(1)
       v.                )    18 U.S.C. § 1341
                         )    18 U.S.C. § 1956(a)(1)(B)(i)
1.  DAVID J. WHELAN,     )    18 U.S.C. § 1957
2.  ANTHONY M. MAKI, and )    18 U.S.C. § 513(a)
3.  JULIE A. MAKI,       )    18 U.S.C. § 982(a)(1)
                         )    18 U.S.C. § 2
            Defendants.  )
                         )

THE UNITED STATES GRAND JURY CHARGES THAT:

## COUNT 1

### 18 U.S.C. § 371: Conspiracy

I.    INTRODUCTION

At all times relevant hereto:

1.    Defendant DAVID J. WHELAN was a resident of the State of Minnesota and was the sole shareholder and founder of Giddy-Up!, Inc. (also known as Tag Bags), Great Outdoors Apparel, Inc. and Syntek Chemical Laboratories, Inc.

2.    Defendant ANTHONY M. MAKI was a resident of the State of Minnesota.  Defendant MAKI was the Vice-President of Sales for Giddy-Up! and an independent contractor for Netoy.com Corp.

3.    Defendant JULIE A. MAKI was a resident of the State of Minnesota, and was an employee of Giddy-Up!.  Defendants JULIE MAKI and ANTHONY MAKI controlled Prochem Labs and a bank account held in that name at U. S. Bank.



JUL 17 2001

FILED_____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD._____
DEPUTY CLERK_____

4.    Itasca Business Credit, LLC was a Delaware corporation doing business as a Minnesota lender that loaned approximately $961,575 to Giddy-Up! as working capital. Defendant WHELAN personally guaranteed that the loan would be repaid. A substantial portion of the money loaned to Giddy-Up! was used by the defendants to purchase residential real property located in Minnewashta, Minnesota. Giddy-Up! defaulted on the loan from Itasca Business Credit, and Itasca Business Credit attempted to obtain repayment from Giddy-Up! and its assets.

5.    Heritage Bank was a financial institution holding deposits that were insured by the Federal Deposit Insurance Corporation. Heritage Bank loaned money to defendants ANTHONY MAKI and JULIE MAKI based upon false and fraudulent representations. The loan was secured by a mortgage on the Minnewashta property.

II.  OBJECT OF THE CONSPIRACY

6.    The object of the conspiracy was to utilize the Minnewashta property to personally enrich the conspirators, all to the detriment of Heritage Bank and Itasca Business Credit.

III. MANNER AND MEANS

7.    Defendants WHELAN, ANTHONY MAKI and JULIE MAKI, acting alone at times and in close association with one another at other times, sought to achieve the object of the conspiracy by the following manner and means, among others:

2

     a.   Defendant WHELAN caused Itasca Business Credit
          to make a $961,575 loan to Giddy-Up!. $255,000
          of the loan proceeds were utilized to purchase the
          Minnewashta property;

     b.   The Minnewashta property was transferred to
          defendant ANTHONY MAKI to ensure that the
          Minnewashta property would not be available to
          pay the debt owed to Itasca Business Credit,
          which was then in the approximate sum of $617,000;

     c.   Defendant ANTHONY MAKI obtained a $231,000 loan
          from Heritage Bank under materially false and
          fraudulent pretenses that was secured by a
          mortgage on the Minnewashta property;

     d.   Defendants ANTHONY MAKI and JULIE MAKI paid a
          portion of the Heritage Bank loan proceeds to or
          for the benefit of defendant WHELAN and themselves
          through a series of bank accounts that were
          utilized to conceal the true source of the funds
          and the nature of the transactions, all to the
          exclusion of Itasca Business Credit;

     e.   Defendant ANTHONY MAKI sold the Minnewashta
          property for $360,000, without satisfying the
          mortgage held by Heritage Bank, and

     f.   Defendants ANTHONY MAKI and JULIE MAKI paid a
          portion of the sale proceeds to or for the benefit
          of defendant WHELAN and themselves, again through
          a series of bank accounts that were utilized to
          conceal the true source of the funds and the
          nature of the transactions, all to the exclusion
          of Itasca Business Credit and Heritage Bank.

IV.   THE CONSPIRACY

    8.   From in or about June 1998, and continuing to at least

June 15, 2000, in the State and District of Minnesota and

elsewhere, the defendants,

DAVID J. WHELAN,

ANTHONY M. MAKI, and

JULIE A. MAKI,

knowingly and willfully conspired and agreed with one another and
with other persons, both known and unknown, to commit:

      a.    Mail fraud, in violation of Title 18,
           United States Code, Section 1341;

      b.    Bank fraud, in violation of Title 18,
           United States Code, Section 1344; and

      c.    Money Laundering, in violation of Title 18,
           United States Code, Section 1956(a)(1)(B)(i).

## V.   OVERT ACTS

To accomplish the object of the conspiracy, and to implement
its manner and means, various of the conspirators committed the
following overt acts, among others:

9.   On or about June 18, 1998, defendant WHELAN caused
Itasca Business Credit to provide loan proceeds in the amount of
$500,000 to Giddy-Up!.

10.   On or about July 10, 1998, defendant WHELAN caused
Giddy-Up! to pay $255,000 of the Itasca Business Credit loan
proceeds to purchase the Minnewashta property.

11.   In or about June 1999, defendant WHELAN caused Giddy-
Up! to transfer title to the Minnewashta property to defendant
ANTHONY MAKI, and the transfer was evidenced by a document that
purported to have been executed on November 12, 1998.

12.   In or about August 1999, defendant ANTHONY MAKI caused

4

defendant WHELAN to create false and fraudulent Forms W-2 depicting income earned by defendants ANTHONY MAKI and JULIE MAKI.

13.  In or about August 1999, defendants ANTHONY MAKI and JULIE MAKI knowingly submitted false and fraudulent Forms W-2 to Heritage Bank in support of a loan application that purported to state their earnings for 1997 and 1998.

14.  On or about August 18, 1999, defendants ANTHONY MAKI and JULIE MAKI caused Heritage Bank to issue a mortgage loan proceeds check to ANTHONY and JULIE MAKI in the amount of $229,416.70.

15.  On or about the dates set forth below and on other dates, defendants ANTHONY MAKI and JULIE MAKI utilized a joint checking account or an account held in the name of Prochem Laboratories to pay a portion of the fraudulently procured loan proceeds obtained from Heritage Bank to or for the benefit of defendant DAVID WHELAN, each such payment constituting a separate overt act, as follows:

|    | DATE     | AMOUNT   | PAYABLE TO                    |
|----|----------|----------|-------------------------------|
| a. | 8/20/99  | $ 2,500  | DAVID WHELAN                  |
| b. | 8/20/99  | 29,500   | Kathy Whelan                  |
| c. | 9/9/99   | 20,000   | DAVID WHELAN                  |
| d. | 9/9/99   | 35,600   | Syntek Chemical Laboratories  |
| e. | 12/13/99 | 5,000    | Kathy Whelan                  |

5

16.   On or about the dates set forth below and on other
dates, defendants ANTHONY MAKI and JULIE MAKI paid a portion of
the fraudulently procured loan proceeds obtained from Heritage
Bank to or for their own benefit, each such payment constituting
a separate overt act, as follows:

| DATE | AMOUNT | PAYABLE TO |
|------|--------|-----------|
| a.   8/20/99 | $50,709.31 | Julie Maki Home Equity Line of Credit |
| b.   9/27/99 | 27,557.38 | Internal Revenue Service |
| c.   11/1/99 | 25,000 | Frederick Simmons |

17.   On or about January 14, 2000, defendants ANTHONY MAKI
and JULIE MAKI sold the Minnewashta property for $360,000, failed
to satisfy the loan obtained from Heritage Bank, and obtained a
sales proceeds check in the amount $335,260.75.

18.   On or about the dates set forth below and on other
dates, defendants ANTHONY MAKI and JULIE MAKI utilized a joint
checking account or an account held in the name of Prochem Labs,
to pay a portion of the proceeds obtained from the sale of the
Minnewashta property to or for the benefit of defendant DAVID
WHELAN, each such payment constituting a separate overt act, as
follows:

| DATE | AMOUNT | PAYABLE TO |
|------|--------|-----------|
| a.   1/13/00 | $ 5,000 | Kathleen Whelan |
| b.   1/20/00 | 6,000 | Kathleen Whelan |
| c.   1/28/00 | 5,000 | Kathleen Whelan |

| | | | |
|---|---|---|---|
| d. | 5/4/00 | 5,000 | Kathy Whelan |
| e. | 6/14/00 | 4,000 | D&K Whelan FLP |

19.   On or about the dates set forth below and on other dates, defendants ANTHONY MAKI and JULIE MAKI paid a portion of the proceeds obtained from the sale of the Minnewashta property to or for their own benefit, each such payment constituting a separate overt act, as follows:

| | DATE | AMOUNT | PAYABLE TO |
|---|---|---|---|
| a. | 1/21/00 | $56,601.16 | Julie Maki Home Equity Line of Credit |
| b. | 2/20/00 | 2,794.66 | Mercedes Credit |
| c. | 4/13/00 | 50,000.00 | Netoy.com Corp. |
| d. | 5/20/00 | 8,321.93 | Duluth Lawn & Sports |

all in violation of Title 18, United States Code, Section 371.

7

## COUNT 2

### 18 U.S.C. § 1344: Bank Fraud
### 18 U.S.C. § 2(a): Aiding and Abetting

20. The Grand Jury realleges and incorporates by reference paragraphs 1 through 19 of this Indictment, and makes them a part of this Count.

21. At all times relevant to this Indictment, Heritage Bank was a financial institution with deposits insured by the Federal Deposit Insurance Corporation.

22. In or about August 1999, in the State and District of Minnesota, the defendants,

DAVID J. WHELAN,

ANTHONY M. MAKI, and

JULIE A. MAKI,

and others both known and unknown to the grand jury, each aiding and abetting one another, devised and executed a scheme and artifice to defraud Heritage Bank.

23. It was a part of the scheme and artifice to defraud that, among other things, defendants ANTHONY MAKI and JULIE MAKI would apply for a $231,000 loan from Heritage Bank, to be secured by a mortgage on the Minnewashta property.

24. It was a further part of the scheme and artifice to defraud that the loan application would be supported by false and fraudulent income and employment information, to include fictitious Forms W-2 and fraudulent year-to-date paystubs for the

8

year 1999 that were prepared by defendant WHELAN for the purpose of defrauding Heritage Bank.

25.   It was a further part of the scheme and artifice to defraud that the defendants caused Heritage Bank to loan $231,000 to ANTHONY and JULIE MAKI, that the loan was secured by the mortgage on the Minnewashta property, and that the terms of the mortgage required that the loan be repaid at the option of Heritage Bank in the event that the Minnewashta property was sold.

26.   It was a further part of the scheme and artifice to defraud that the Heritage Bank loan proceeds were distributed to ANTHONY MAKI, JULIE MAKI and DAVID WHELAN as a means to obtain cash based upon the value of the property.

27.   It was a further part of the scheme and artifice to defraud that when ANTHONY and JULIE MAKI sold the Minnewashta property, the loan extended by Heritage Bank was not satisfied, and ANTHONY and JULIE MAKI knowingly obtained for themselves the funds that were then owed to Heritage Bank, at its option, all in violation of Title 18, United States Code, Sections 1344(1) and 2(a).

9

## COUNT 3

### 18 U.S.C. § 1341: Mail Fraud

27.  The Grand Jury realleges and incorporates by reference paragraphs 1 through 26 of this Indictment, and makes them a part of this Count.

28.  On or about August 2, 1999, in the State and District of Minnesota and elsewhere, the defendants,

ANTHONY M. MAKI and

JULIE A. MAKI,

each aiding and abetting one another, for the purpose of defrauding Heritage Bank and Itasca Business Credit by implementing the manner and means of the conspiracy and by executing the scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, knowingly caused a Uniform Residential Loan Application to be deposited into the United States mail as mail matter, and to be sent by the United States Postal Service to Heritage Bank, or to be transmitted by private commercial interstate carrier, according to the directions stated thereon,

all in violation of Title 18, United States Code, Section 1341.

10

## COUNTS 4 THROUGH 8

18 U.S.C. § 1956(a)(1)(B)(i): Money Laundering to Conceal
18 U.S.C. § 2(a): Aiding and Abetting

29.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 28 of this Indictment, and makes them a part of this Count.

30.   On or about the dates set forth below, in the State and District of Minnesota, the defendants

### DAVID J. WHELAN,

### ANTHONY M. MAKI and

### JULIE A. MAKI,

knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, knowingly conducted and caused others to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, that is bank fraud and mail fraud with respect to real estate transactions that were implemented to defraud Itasca Business Credit and to unjustly enrich the defendants, knowing that the transactions were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of a specified unlawful activity, and utilized financial institutions which were then engaged in, and the activities of which affected, interstate commerce, as follows:

11

| COUNT | DATE | FUNDS CONCEALED | NATURE OF THE TRANSACTION |
|-------|------|-----------------|---------------------------|
| 4 | 8/19/99 | $100,000 | JULIE MAKI issues Check No. 4003 payable to JULIE MAKI out of Bayside Bank account |
| 5 | 8/20/99 | 2,500 | JULIE MAKI issues Check No. 1701 payable to DAVID WHELAN out of US Bank account |
| 6 | 2/3/00 | 25,000 | JULIE MAKI issues Check No. 4016 payable to JULIE MAKI out of Bayside Bank account |
| 7 | 2/3/00 | 20,000 | Currency deposited in Prochem Labs account |
| 8 | 2/7/00 | 5,000 | ANTHONY MAKI issues Check No. 5042 payable to Kathleen Whelan out of Prochem Labs account, |

all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and 2(a).

12

COUNTS 9 THROUGH 13

18 U.S.C. § 1957: Transactions in Criminally Derived Property
18 U.S.C. § 2(a): Aiding and Abetting

31.  The Grand Jury hereby reincorporates and realleges
paragraphs 1 through 30 of this Indictment as though set forth at
this point in full.

32.  On or about the dates set forth below, in the State and
District of Minnesota, the defendants,

DAVID J. WHELAN,

ANTHONY M. MAKI, and

JULIE A. MAKI,

aided and abetted by others both known and unknown to the grand
jury, did knowingly engage in monetary transactions by, through,
or to a financial institution, affecting interstate or foreign
commerce, in criminally derived property of a value greater than
$10,000, that is, the transfer and exchange of monetary
instruments, such property having been derived from specified
unlawful activity, that is, bank fraud and mail fraud, as
follows:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 9 | 8/23/99 | WHELAN transfers $12,500 from US Bank Account Nos. 1-047-7064-4086 to 1-731-0285-8813 |
| 10 | 9/8/99 | WHELAN issues Check No. 8391 for $15,000, payable to Robert Collins, out of US Bank Account No. 1-731-0285-8813 |

13

| 11 | 9/10/99 | WHELAN purchases Cashier's Check No. 5017274036 for $25,000 in the name of Syntex Chemical Laboratories |
| 12 | 1/21/00 | JULIE MAKI issues Check No. 4013 payable to JULIE MAKI for $76,601.16 out of Bayside Bank account and acquires Bayside Bank Cashier's Check No. 463-8022411 |
| 13 | 9/28/00 | JULIE MAKI issues Check No. 4032 payable to TONY MAKI for $35,000 out of Bayside Bank account |

all in violation of Title 18, United States Code, Section 1957

and 2(a).

14

## COUNT 14

### 18 U.S.C. § 1344: Bank Fraud

33.   The Grand Jury hereby reincorporates and realleges paragraphs 1 through 32 of this Indictment as though set forth at this point in full.

34.   At all times relevant to this indictment, World Savings and Loan Association was a financial institution with deposits insured by the Federal Deposit Insurance Corporation.

35.   In or about May 1998, in the State and District of Minnesota, the defendants,

DAVID J. WHELAN, and

JULIE A. MAKI,

and others both known and unknown to the grand jury, devised and executed a scheme and artifice to defraud World Savings and Loan Association.

36.   It was a part of the scheme and artifice to defraud that, among other things, defendant JULIE A. MAKI applied for a $335,210 loan from World Savings and Loan Association to purchase real property located at 5755 Smithtown Way, Shorewood, Minnesota.

37.   It was a further part of the scheme and artifice to defraud that defendant JULIE MAKI's loan application was based upon employment and income information, and upon equity in the property that was to have been obtained by a $42,000 gift from

15

defendant JULIE MAKI's father, Steve Nash.

38.   It was a further part of the scheme and artifice to defraud that the purported gift from Steve Nash was evidenced by a Gift Letter dated May 13, 1998 bearing a signature, "Steve Nash".   In truth and fact, Steve Nash did not sign the Gift Letter, and did not gift $42,000 to defendant JULIE MAKI.

39.   It was a further part of the scheme and artifice to defraud that defendant JULIE MAKI's income information was evidenced by a fraudulent letter dated April 20, 1998, signed by defendant WHELAN, stating that defendant JULIE MAKI's "income will stay at $155,000 annually and she will also receive royalties in the form of bonuses."   In truth and fact, defendant JULIE MAKI's income was only a small fraction of the stated amount,

all in violation of Title 18, United States Code, Section 1344(1).

16

## COUNTS 15 AND 16

### 18 U.S.C. §513(a): Counterfeit Securities

40.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 39 of this Indictment, and makes them a part of this Count.

41.   On or about the dates set forth below, in the State and District of Minnesota, the defendant,

### DAVID J. WHELAN,

did knowingly utter and possess certain counterfeit securities of J. C. Penney Company, Inc., an organization the activities of which affected interstate commerce as identified below, with the intent to deceive another person or organization,

| COUNT | DATE | CHECK NO. | AMOUNT | DISPOSITION OF CHECK |
|-------|------|-----------|--------|----------------------|
| 15 | 5/23/97 | 060649 | $53,498.61 | Deposited into account of Great Outdoors Apparel |
| 16 | 6/3/97 | 060651 | $53,498.61 | Deposited into account of Great Outdoors Apparel |

all in violation of Title 18, United States Code, Section 513(a).

17

## COUNTS 17 THROUGH 20

18 U.S.C. § 1957: Transactions in Criminally Derived Property

42. The Grand Jury hereby reincorporates and realleges paragraphs 1 through 41 of this Indictment as though set forth at this point in full.

43. On or about the dates set forth below, in the State and District of Minnesota, the defendant,

### DAVID J. WHELAN,

aided and abetted by others both known and unknown to the grand jury, did knowingly engage in monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer and exchange of monetary instruments, such property having been derived from specified unlawful activity, that is, uttering and possessing counterfeit securities, as follows:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 17 | 5/25/97 | Great Outdoors Apparel $40,500 check no. 9571 deposited into account of David Whelan |
| 18 | 5/28/97 | $35,687 electronic withdrawal from account of David Whelan to pay off Home Equity line of credit |
| 19 | 6/4/97 | $23,134.16 loan payment on National City Bank Note No. 49852 |
| 20 | 6/4/96 97 | $17,099.17 loan payment of National City Bank Note No. 50100 |

all in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATIONS

I

Counts 4 through 13 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

As the result of the offenses alleged in Counts 4 through 13, the defendants,

DAVID J. WHELAN

ANTHONY M. MAKI, and

JULIE A. MAKI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in said money laundering violations and all property traceable to such property, including, but not limited to, the sum of money involved in each of the violations set forth in Counts 4 through 13, that is, $316,601.16.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1)   cannot be located upon the exercise of due diligence;

    (2)   has been transferred or sold to, or deposited with, a third person;

    (3)   has been placed beyond the jurisdiction of the Court;

    (4)   has been substantially diminished in value; or

19

(5)   has been commingled with other property which cannot be
subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United
States Code, Section 982(b)(1) (incorporating the provisions of
Title 21, United States Code, Section 853(p)), to seek forfeiture
of any other property of said defendant up to the value of the
above forfeitable property.

All in violation of Title 18, United States Code, Sections
1956, 1957 and 982(a)(1).

II

Counts 17 through 20 of this Indictment are hereby realleged
and incorporated as if fully set forth herein by reference, for
the purpose of alleging forfeitures pursuant to Title 18, United
States Code, Section 982(a)(1).

As the result of the offense alleged in Counts 17 through 20
of this Indictment, the defendant,

DAVID J. WHELAN,

shall forfeit to the United States pursuant to Title 18, United
States Code, Section 982(a)(1), all property, real or personal,
traceable to or involved in said money laundering violations
including, but not limited to, the sum of money involved in each
of the violations set forth in Counts 17 through 20, that is,
$116,420.33.

If any of the above-described forfeitable property, as a

20

result of any act or omission of the defendant:

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third person;

(3)   has been placed beyond the jurisdiction of the Court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1) (incorporating the provisions of Title 21, United States Code, Section 853(p)), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 1957 and 982(a)(1).

A TRUE BILL

UNITED STATES ATTORNEY                    FOREPERSON